1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  GARY D. EASLEY,                              )   No. C 09-5874 LHK (PR)
                                                 )
12            Plaintiff,                         )   ORDER GRANTING MOTION TO
                                                 )   PROCEED IN FORMA PAUPERIS;
13     v.                                        )   STAYING PROCEEDINGS;
                                                 )   DIRECTING CLERK TO
14  COUNTY OF SANTA CLARA, SANTA                 )   ADMINISTRATIVELY CLOSE
    CLARA SHERIFF'S DEPARTMENT,                  )   THE CASE
15  DEPUTY GERHARD WALLACE,                      )
    DIRECTOR OF POLICE DEPARTMENT,               )
16  SANTA CLARA BOARD OF                         )
    SUPERVISORS, and CITY OF SAN JOSE,           )
17                                               )
              Defendants.                        )
18  _____)

19      Plaintiff, formerly housed at the San Jose Jail and proceeding *pro se*, filed an amended

20  civil rights complaint[1] pursuant to 42 U.S.C. § 1983 alleging that various Santa Clara County

21  officials violated his constitutional rights.  Plaintiff alleges that on December 23, 2008,

22  Defendants engaged in the false arrest of Plaintiff, illegally searched his car, and illegally seized

23  a blood sample without consent, resulting in a variety of civil rights violations.  Plaintiff seeks

---

[1] The docket sheet shows that on April 29, 2010, Plaintiff filed an amended complaint. (Dkt. No. 9.)  On June 16, 2010, Plaintiff filed a motion explaining that docket number 9 was mis-filed in the wrong federal case number.  Plaintiff intended to file a new action rather than amend the current complaint.  Plaintiff's motion is GRANTED.  The Clerk shall strike docket number 9 as erroneously filed.  On August 13, 2010, Plaintiff filed another amended complaint. (Dkt. No. 16.)  The Court views this amended complaint as the operative complaint in this case.

Order Granting Motion to Proceed In Forma Pauperis; Staying Proceedings; Directing Clerk to Administratively Close the Case
P:\PRO-SE\SJ.LHK\CR.09\Easley874pre.stay.wpd

money damages. For the reasons stated below, the Court STAYS this action.

## DISCUSSION

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. Analysis

Plaintiff seeks damages for his allegations of false arrest, an illegal search and seizure, and municipal liability. The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

The Ninth Circuit has extended *Heck* beyond the context of convictions to hold that it applies to claims challenging the validity of an arrest, prosecution or conviction, such as those plaintiff presents here. *See, e.g., Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police

officers to bring false charges). However, in *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the United States Supreme Court held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id.* at 393 (quoting *Heck*, 512 U.S. at 486-87). The Court stated that the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it. *Id.* at 393 (italics in original). Although the Court was only considering when the statute of limitations began running on a false arrest/false imprisonment claim, the discussion quoted above means that *Heck* does not apply if plaintiff has only been arrested or charged, not convicted, which is the case here.

In *Wallace* the Court said that if a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id.* If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id.*

Here, it appears that Plaintiff's criminal proceedings are ongoing. Because Plaintiff has not yet been convicted and state proceedings have not concluded, the Court finds that a stay is warranted in this action. This case is STAYED pending resolution of the criminal charges against Plaintiff. If Plaintiff desires to continue with this case after disposition of the criminal charges against him, he must request that the stay be lifted **within thirty days** of disposition of the criminal charges or **within thirty days** of the filing date of this order - whichever is earliest - unless an appeal is filed. If he appeals, any request to lift the stay must be filed **within thirty days** of completion of the appellate process. Failure to comply with these deadlines may result in the dismissal of this action.

If the stay is lifted, and the Court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will

proceed at that time, absent some other bar to suit. *See Wallace*, 549 U.S. at 394. Leave to proceed in forma pauperis is GRANTED. The Clerk of the Court is hereby directed to ADMINISTRATIVELY CLOSE the case.

## CONCLUSION

For the foregoing reasons, this action is hereby STAYED. The Clerk of the Court shall administratively close the case until further order from the Court.

IT IS SO ORDERED.

DATED:   8/30/2010

*Lucy H. Koh*
LUCY H. KOH
United States District Judge